## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **Heidi Krum**, | |
| Plaintiff, | Case No. |
| v. | |
| **Enhanced Recovery Company, LLC d/b/a Enhanced Resource Centers d/b/a ERC,** | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Heidi Krum** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Enhanced Recovery Company, LLC d/b/a Enhanced Resource Centers d/b/a ERC** (Defendant):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1962o (FDCPA).

## JURISDICTION AND VENUE

2.      This Court has subject-matter jurisdiction over the FDCPA claims in this action under 15 U.S.C. § 1692k(d), which states that FDCPA actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

1

3.      This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Texas and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Texas.

4.      Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Gladewater, Texas 75647.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.      Defendant is a debt collection agency with principal place of business, head office, or otherwise valid mailing address at 8014 Bayberry Road Jacksonville, Florida 32256.

8.      Defendant contracts with clients to contact persons who owe debts to those clients via telephone, the U.S. Mail, and/or the Internet in an attempt to solicit or encourage those persons to remit monies to Defendant or its clients in satisfaction of those debts.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

11.      Defendant placed repeated harassing telephone calls to Plaintiff on her cellular telephone to collect an alleged consumer debt.

12.      Plaintiff does not own or operate a business or other commercial enterprise and thus cannot owe any business or commercial debts.

13.      Because Plaintiff cannot owe any business or commercial debts, the debt must have arisen from a transaction primarily for personal, household, or family purposes.

14.     Shortly after the calls began, Plaintiff first told defendant to stop calling, revoking any consent Defendant may have had or thought it had to call.

15.     Once Defendant knew its calls were unwanted and to stop calling, all further calls could have only been made solely for purposes of harassment.

16.     Despite Plaintiff's clear demand to refrain from contacting her, Defendant persisted in calling Plaintiff for several months thereafter.

17.     Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

18.     Defendant's actions as described herein were taken with the intent to harass, upset and coerce Plaintiff to pay the alleged debt.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA

19.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20.     Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

21.     Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

22.     Defendant violated both Sections 1692d and 1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff and continued calling Plaintiff after it knew its calls were unwanted.

**Wherefore**, Plaintiff, **Heidi Krum**, respectfully prays for judgment as follows:

3

a.      All actual damages Plaintiff suffered (as provided in 15 U.S.C. § 1692k(a)(1));

b.      Statutory damages of $1,000 for the violation of the FDCPA (as provided under 15 U.S.C. § 1692k(a)(2)(A))

c.      All reasonable attorneys' fees, witness fees, court costs, and other litigation costs (as provided under 15 U.S.C. § 1693k(a)(3)); and

d.      Any other relief this Honorable Court deems appropriate.


## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Heidi Krum**, demands a jury trial in this case.


Respectfully submitted,

Dated: 4/27/2020

By: _s/ Amy L. Bennecoff Ginsburg_
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com